UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| KATHY DYER and ROBERT DYER, *Individually and as Representatives of the Estate of Graham Dyer,* | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-2638-B |
| ALAN GAFFORD, ZACHARY SCOTT, and WILLIAM HEIDELBURG, | § § § § | |
| Defendants. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the

evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendants in arriving at your verdict.

I.  General Instructions

### Burden of Proof: Preponderance of the Evidence

Plaintiffs Kathy and Robert Dyer have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs Kathy and Robert Dyer have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

### Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### *Stipulations of Fact*

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

In this case, the parties have stipulated that, at all times pertinent to this action, Defendants Alan Gafford, Zachary Scott, and William Heidelberg acted under color of State law. You must accept that fact as proved.

### *Witnesses*

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that

may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### *Law-Enforcement Officer Testimony*

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law-enforcement officer.

### *Witnesses With Technical Expertise*

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

### *Limiting Instruction*

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

### *Demonstrative Evidence*

Plaintiffs' Exhibits 15, 17, 26, 27, 28, and 29, which were presented to you during trial but are not available to you during your deliberations, are illustrations. They are Plaintiffs' models used

to describe something involved in this trial. If your recollection of the evidence differs from what Plaintiffs' Exhibits 15, 17, 26, 27, 28, and 29 depict, rely on your recollection.

### *Impeachment by Witness's Inconsistent Statements*

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### *No Inference From Filing Suit*

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**II.   Instructions on Applicable Law**

### *Fourteenth Amendment*
### *Episodic Act of Inadequate Medical Care for a Pretrial Detainee*

Plaintiffs Kathy and Robert Dyer claim that Defendants Alan Gafford, Zachary Scott, and William Heidelberg violated Graham Dyer's Fourteenth Amendment right to medical care while he was detained by the Mesquite Police Department.

A pretrial detainee who has not been convicted of a crime has a right under the Fourteenth Amendment to the United States Constitution to be protected from impermissible punishment like denials of, or delays in, providing certain medical care.

To recover damages for this alleged violation of the Fourteenth Amendment, Plaintiffs Kathy and Robert Dyer must prove by a preponderance of the evidence that:

*First:* Graham Dyer was exposed to a substantial risk of serious harm;

*Second:* Defendants Alan Gafford, Zachary Scott, and William Heidelberg displayed deliberate indifference to that risk; and

*Third:* This deliberate indifference harmed Graham Dyer.

The first element asks whether a reasonable person would view Graham Dyer's illness or injury as sufficiently serious based on all of the circumstances that existed. This inquiry asks what a reasonable person would conclude and does not consider the state of mind of Defendants Alan Gafford, Zachary Scott, or William Heidelberg.

The second element—deliberate indifference—requires proof of egregious conduct. Plaintiffs Kathy and Robert Dyer must prove Defendants Alan Gafford, Zachary Scott, and William Heidelberg knew of and disregarded a substantial risk to Graham Dyer's health or safety. Plaintiffs Kathy and Robert Dyer must prove that Defendants Alan Gafford, Zachary Scott, and William Heidelberg: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; and (2) actually drew that inference. A plaintiff's mere disagreement with the type, amount, or timing of medical treatment received is not enough to meet this test.

If Plaintiffs Kathy and Robert Dyer have proved each of these three elements listed above by a preponderance of the evidence, then Defendants Alan Gafford, Zachary Scott, and William

Heidelberg violated Graham Dyer's Fourteenth Amendment rights, and you must then consider whether Defendants Alan Gafford, Zachary Scott, and William Heidelberg are entitled to qualified immunity, which is a bar to liability that I will explain later. If Plaintiffs Kathy and Robert Dyer failed to satisfy the three elements above for any defendant, then your verdict must be for that defendant on the Fourteenth Amendment claim.

### Question No. 1.

Do you find by a preponderance of the evidence that a violation of Graham Dyer's Fourteenth Amendment right, if any, was proximately caused by deliberate indifference to a serious medical need on the part of:

Alan Gafford:            No      ("Yes" or "No")

Zachary Scott:           No      ("Yes" or "No")

William Heidelberg:      No      ("Yes" or "No")

If you answered "No" to all of the above, you need not answer any further questions.

### *Qualified Immunity*

As to each claim for which Plaintiffs Kathy and Robert Dyer have proved each essential element, you must consider whether Defendants Alan Gafford, Zachary Scott, and William Heidelberg are entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a person's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. The burden is on Plaintiffs Kathy and Robert Dyer to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the failure to get medical assistance for Graham Dyer, or alert jailers of his potential injuries, was lawful in light of clearly established law and the information Defendants Alan Gafford, Zachary Scott, and William Heidelberg possessed at the time. But Defendants Alan Gafford, Zachary Scott, and William Heidelberg are not entitled to qualified immunity if, at the time of Graham Dyer's arrest and detention, a reasonable officer with the same information could not have believed that his actions were lawful. Law-enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time of the incident in question prohibited a significantly exacerbating delay or a denial of medical care to a detainee suffering from a serious medical need of which the officer was aware. For example, it was clearly established at the time that an officer is deliberately indifferent in violation of the Fourteenth Amendment where he knows of a serious medical need of a detainee and does nothing to obtain professional medical care for the detainee, even if that officer takes some measures to attempt to mitigate the detainee's medical need.

Consider the scope of discretion and responsibility generally given to police officers in performing their duties, and consider all of the circumstances of this case as they would have reasonably appeared to Defendants Alan Gafford, Zachary Scott, and William Heidelberg at the time of Graham Dyer's arrest and detention. If, after considering these things, you find that Plaintiffs Kathy and Robert Dyer failed to prove that no reasonable officer could have believed that the alleged failure to get medical assistance for Graham Dyer, or alert jailers of his potential injuries, was lawful, then Defendants Alan Gafford, Zachary Scott, and William Heidelberg are entitled to qualified immunity, and your verdict must be for them on those claims. But if you find that Plaintiffs Kathy

and Robert Dyer did prove that no reasonable officer could have believed that the alleged failure to get medical assistance for Graham Dyer, or alert jailers of his potential injuries, was lawful, then Defendants Alan Gafford, Zachary Scott, and William Heidelberg are not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiffs Kathy and Robert Dyer on that claim.

### Question No. 2.

If you have answered "Yes" to Question No. 1 with respect to any Defendant, then answer the following question with respect to that Defendant.

Do you find by a preponderance of the evidence that any Defendant is entitled to qualified immunity?

Alan Gafford: _____ ("Yes" or "No")

Zachary Scott: _____ ("Yes" or "No")

William Heidelberg: _____ ("Yes" or "No")

### III.   Damages

*Consider Damages Only if Necessary*

If Plaintiffs Kathy and Robert Dyer have proved their claim against Defendants Alan Gafford, Zachary Scott, and William Heidelberg by a preponderance of the evidence, you must determine the damages to which Plaintiffs Kathy and Robert Dyer are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs Kathy and Robert Dyer's damages as an indication in any way that I believe that they should, or should not, win this case. It is your task first to decide whether Defendants Alan Gafford, Zachary Scott, and William Heidelberg are liable. I am instructing you on damages only so that you will have guidance in the event you decide that

Defendant Alan Gafford, Zachary Scott, or William Heidelberg is liable and that Plaintiffs Kathy and Robert Dyer are entitled to recover money from him or them.

## *Compensatory Damages*

If you find that Defendants Alan Gafford, Zachary Scott, and William Heidelberg are liable to Plaintiffs Kathy and Robert Dyer, then you must determine an amount that is fair compensation for all of Plaintiffs Kathy and Robert Dyer's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs Kathy and Robert Dyer whole—that is, to compensate them for the damage that they have suffered. Compensatory damages are not limited to expenses that Plaintiffs Kathy and Robert Dyer may have incurred because of their injury. If Plaintiffs Kathy and Robert Dyer win, they are entitled to compensatory damages for any physical injury, pain and suffering, and mental anguish that they have suffered because of any wrongful conduct by Defendant Alan Gafford, Defendant Zachary Scott, or Defendant William Heidelberg.

You may award compensatory damages only for injuries that Plaintiffs Kathy and Robert Dyer prove were proximately caused by Defendant Alan Gafford, Defendant Zachary Scott, or Defendant William Heidelberg's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs Kathy and Robert Dyer's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize any defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs Kathy and Robert Dyer have actually suffered or that they are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs Kathy and Robert Dyer prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: conscious physical and mental pain and suffering experienced by Graham Dyer before his death as a result of the events in question, as well as mental anguish and loss of society experienced by Plaintiffs Kathy and Robert Dyer as a result of Graham Dyer's death.

Physical and mental pain means the conscious physical and emotional pain, torment, and suffering experienced by Graham Dyer before his death as a result of the occurrence in question.

Mental anguish means the emotional pain, torment, and suffering experienced by Plaintiffs Kathy and Robert Dyer because of the death of Graham Dyer.

Mental or physical pain and suffering are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but instead determining what amount would fairly compensate for the injuries suffered here.

Loss of society means the loss of positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs Kathy and Robert Dyer, in reasonable probability, would have received from Graham Dyer, had he lived.

Answer the remaining questions only if, with respect to at least one Defendant, you found: (1) his deliberate indifference proximately caused a violation of Graham Dyer's constitutional rights ("Yes" to Question No. 1); *and* (2) he is not entitled to qualified immunity ("No" to Question No. 2).

### Question No. 3.

What sum of money would have fairly compensated Graham Dyer for his physical and mental pain and suffering?

$_____ (answer in dollars and cents)

### Question No. 4.

What sum of money would fairly compensate Plaintiffs Kathy and Robert Dyer for their mental anguish as a result of Graham Dyer's death?

$_____ (answer in dollars and cents)

### Question No. 5.

What sum of money would fairly compensate Kathy and Robert Dyer for the loss of society of Graham Dyer?

$_____ (answer in dollars and cents)

### IV.   Instructions Regarding Deliberations

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not

evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SO ORDERED

SIGNED: July 28, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the foregoing questions in the manner indicated in this verdict form, and returned these answers into the Court as our verdict.

DATE: July 29, 2021

_____
JURY FOREPERSON